NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> YVONNE LATTIMORE, <br><br> Defendant - Appellant. | No. 23-2167 <br><br> D.C. No. <br> 5:19-cr-00046-BLF-1 <br><br><br> MEMORANDUM* |
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> YVONNE LATTIMORE, <br><br> Defendant - Appellant. | No. 24-118 <br><br> D.C. No. <br> 5:19-cr-00046-BLF-1 |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted June 9, 2025
San Francisco, California

Before: S.R. THOMAS and M. SMITH, Circuit Judges, and RAYES, District

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Judge.[**]

Yvonne Lattimore appeals her convictions on three counts of wire fraud, in violation of 18 U.S.C. § 1343, three counts of mail fraud, in violation of 18 U.S.C. § 1341, and two counts of Supplemental Security Income fraud, in violation of 42 U.S.C. § 1383a(a)(2). Lattimore argues that the district court erred by (1) declining to extend the pretrial motions deadline and (2) denying her motion for substitution of counsel, resulting in a violation of her Sixth Amendment right to conflict-free representation. We have jurisdiction under 28 U.S.C. § 1291. Because the parties are familiar with the facts, we do not recount them here except as necessary to provide context. We affirm.

1. We do not reverse the district court's decision declining to extend the pretrial motions deadline. The district court has discretion to set a pretrial motions deadline and may extend that deadline after it expires upon a showing of good cause or excusable neglect. Fed. R. Crim. P. 12(c), 45(b)(1)(B). It also may, for good cause, consider an untimely motion. Fed. R. Crim. P. 12(c)(3).

Here, the district court set January 20, 2022, as the last day to hear pretrial motions. Accordingly, under the Local Rules of Criminal Procedure for the Northern District of California, pretrial motions were due in writing by January 6,

---

[**]    The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

2022—14 days before the hearing date. *See* N.D. Cal. Crim. L.R. 12-1, 47-1(a)(1), 47-2(a). No pretrial motions were filed, so on January 7, 2022, the district court vacated the hearing date. Shortly thereafter, the district court appointed a new attorney to represent Lattimore. In a March 28, 2022 stipulation and again during an April 19, 2022 hearing, Lattimore's attorney asked the district court to extend the pretrial motions deadline, but the district court refused.

Any alleged error in the district court's denial of an extension of the pretrial motions deadline was harmless. *See United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002) (discussing application of harmless error standard in criminal cases). The only potential pretrial motion mentioned by Lattimore here or below is a suppression motion, but Lattimore identifies no evidence admitted during her trial that should have been suppressed.

2. The district court did not err in denying Lattimore's motion to substitute her sixth appointed attorney. We generally review the denial of a substitution motion for an abuse of discretion. *United States v. Mendez-Sanchez*, 563 F.3d 935, 942 (9th Cir. 2009). But where, as here, a defendant claims that the denial of a substitution motion caused a denial of her Sixth Amendment right to conflict-free representation, we review de novo. *United States v. Moore*, 159 F.3d 1154, 1158 (9th Cir. 1998). "The test for determining whether the trial judge should have granted a substitution motion is the same as the test for determining whether an

irreconcilable conflict existed." *Daniels v. Woodford*, 428 F.3d 1181, 1197 (9th Cir. 2005). We consider (1) the adequacy of the district court's inquiry, (2) the extent of the conflict, and (3) the timeliness of the motion. *Id.* at 1197–98.

The district court adequately inquired into the extent of the conflict. It considered Lattimore's written submissions, and during two sealed, ex parte hearings asked Lattimore and her attorney questions "targeted toward understanding the crux of the[ir] disagreement." *Mendez-Sanchez*, 563 F.3d at 943.

The conflict between Lattimore and her attorney was neither irreconcilable nor substantial enough to warrant substitution. Lattimore's complaints about her attorney mostly reflect disagreements over trial strategy, but "appointed counsel, and not his client, is in charge of the choice of trial tactics," *United States v. Wadsworth*, 830 F.2d 1500, 1509 (9th Cir. 1987), and "[i]t is well-settled . . . that this type of dispute is not a sufficient conflict to warrant substitution of counsel," *United States v. McKenna*, 327 F.3d 830, 844 (9th Cir. 2003). Further, Lattimore's history of similar complaints against several of her prior attorneys suggests her discontent "arose out of 'general unreasonableness.'" *Mendez-Sanchez*, 563 F.3d at 944 (quoting *United States v. Smith*, 282 F.3d 758, 764 (9th Cir. 2002)). On this record, "[i]t is unclear what could have been done differently," and "it is likely that the same conflicts would have arisen" with any new attorney the district court might have appointed. *Id.*

Finally, the timing of Lattimore's motion weighed against substitution. We evaluate the timeliness of a substitution motion "in the context of the litigation in question," balancing the defendant's right to conflict-free representation against the inconvenience and delay that would result from substitution. *United States v. Velazquez*, 855 F.3d 1021, 1036–37 (9th Cir. 2017). Lattimore's request came the month before a trial that already had been continued twice, in a case that had been litigated for over four years by five different attorneys, and after Lattimore's newest attorney had spent over a year preparing the case for trial. Moreover, Lattimore's pattern of substantially similar complaints against several of her prior attorneys supports the district court's finding that granting the substitution motion would encourage gamesmanship and lead to further delays. Under the totality of circumstances, the nature and extent of the conflict between Lattimore and her attorney was not serious enough to justify the inconvenience and delay that granting the substitution motion likely would have caused.

**AFFIRMED.**